IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **Stephen M. Shapiro** <br> **Maria A. Pycha** <br> **O. John Benisek** <br> **Edmund Cueman** <br> 1201 Woods Road <br> Westminster, MD 21158 <br> Carroll County <br><br> **Jeremiah DeWolf** <br> 4709 Mount Briar Road <br> Keedysville, MD 21756 <br> Washington County <br><br> **Charles W. Eyler, Jr.** <br> 13249 Creagerstown Road <br> Thurmont, MD 21788 <br> Frederick County <br><br> **Kat O'Connor** <br> 9321 Watkins Road <br> Gaithersburg, MD 20882 <br> Montgomery County <br><br> **Alonnie L. Ropp** <br> 8410 Myersville Road <br> Middletown, MD 21769 <br> Frederick County <br><br> **Sharon Strine** <br> 12709 Martin Road <br> Smithsburg, MD 21783 <br> Frederick County <br>         **Plaintiffs,** <br><br> vs. <br><br> **David J. McManus, Jr.,**[*] **et al.,** <br> *in their official capacities*, <br>         **Defendants.** | Case No. 13-cv-3233 <br><br> Three-Judge Court |

PLAINTIFFS' UNOPPOSED MOTION
FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

---

[*] By operation of Federal Rule of Civil Procedure 25(d), David J. McManus, Jr., in his official capacity as Chair of the Maryland State Board of Elections, is automatically substituted for defendant Bobby S. Mack.

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, Plaintiffs Stephen M. Shapiro, Maria A. Pycha, O. John Benisek, Edmund Cueman, Jeremiah DeWolf, Charles W. Eyler, Jr., Kat O'Connor, Alonnie L. Ropp, and Sharon Strine respectfully move for leave to file a Second Amended Complaint, a copy of which is attached hereto. The Second Amended Complaint adds six new plaintiffs, alleges additional facts not contained in the earlier versions of the complaint, and clarifies the plaintiffs' legal theories.

Pursuant to Local Rule 6(d), counsel for plaintiffs conferred with counsel for defendants. By email dated January 6, 2016, counsel for defendants stated that "defendants will not oppose the motion for leave to file a second amended complaint."

## FACTUAL BACKGROUND

On November 5, 2013, plaintiffs Benisek, Pycha, and Shapiro filed a pro se complaint challenging the constitutionality of Maryland's congressional redistricting plan and requesting the convening of a three-judge court pursuant to 28 U.S.C. § 2284(a). *See Benisek v. Mack*, 11 F. Supp. 3d 516 (D. Md. 2014) (Bredar, J.). They filed an amended complaint on December 2, 2013. *See* Dkt. 11. This Court thereafter dismissed the complaint under Rule 12(b)(6) without convening as a three-judge court. *Id.*

Plaintiffs filed a pro se notice of appeal on April 28, 2014. The court of appeals summarily affirmed the district court and denied plaintiffs' request for rehearing and rehearing en banc. *Benisek v. Mack*, 584 Fed. Appx. 140 (4th Cir. 2014).

After retaining pro bono counsel, plaintiffs Benisek, Pycha, and Shapiro sought further review in the Supreme Court, which granted certiorari on June 8, 2015. *See Shapiro v. Mack*, 135 S. Ct. 2805 (2015). The Supreme Court thereafter reversed the court of appeals and remanded for further proceedings, holding that "[28 U.S.C.] § 2284 entitles [plaintiffs] to make their case before a three-judge district court." *Shapiro v. McManus*, 136 S. Ct. 450, 456 (2015).

On January 12, 2016, the court of appeals vacated this Court's judgment and remanded with instruction to convene a three-judge court. *Benisek v. Mack*, No. 14-1417 (4th Cir. filed Jan. 12, 2016). On February 5, 2016, Chief Judge William Traxler, Jr., issued an order convening the three-judge court.

## ARGUMENT

Under Federal Rule of Civil Procedure 15(a), plaintiffs may amend a complaint "by leave of the court or by written consent of the adverse party." Fed. R. Civ. P. 15(a). Leave to file an amended complaint "shall be freely given when justice so requires." *Id.* "It is [the Fourth] Circuit's policy to liberally allow amendment in keeping with the spirit of Federal Rule of Civil Procedure 15(a)." *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010).

Plaintiffs filed their original complaint and first amended complaint pro se. They have since retained undersigned counsel, who have drafted a revised complaint on their behalf. In recognition that pleadings prepared by lawyers generally will state "claims with greater clarity" and will be "more detailed and thorough" (*Thomas v. Delmarva Power & Light Co.*, 2016 WL 374076, at *3 (D. Md. 2016)), this court routinely permits amendments following the retention of counsel by pro se plaintiffs. *See, e.g.*, *Fields v. Clifton T. Perkins Hosp.*, 2014 WL 2802986 (D. Md. 2014); *Raiford v. Maryland Dep't of Juvenile Servs.*, 2014 WL 4269076 (D. Md. 2014). It should do so here.

The new complaint adds six new plaintiffs, alleges additional facts not contained in the prior versions of the complaint, and clarifies and better explains the legal theories underlying the complaint's causes of action. In circumstances like these, allowing the amendment "would be beneficial to the efficient resolution of [the] case." *Thomas*, 2016 WL 374076, at *3 (granting leave to file a counseled amended complaint after the plaintiff had filed a pro se complaint).

For the foregoing reasons, this Unopposed Motion for Leave to File Second Amended Complaint should be granted.

Dated: February 16, 2016

Respectfully submitted,

/s/ *Michael B. Kimberly*

Michael B. Kimberly, Bar No. 19086
   mkimberly@mayerbrown.com
Paul W. Hughes, Bar No. 28967
   phughes@mayerbrown.com
Jason R. LaFond, *pro hac vice*
   jlafond@mayerbrown.com
Mayer Brown LLP
1999 K Street NW
Washington, D.C. 20006
(202) 263-3127 (office)
(202) 263-3300 (facsimile)