## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|                               |   |                          |
|-------------------------------|---|--------------------------|
|                               | * |                          |
| O. JOHN BENISEK *et al..*,     | * |                          |
| **Plaintiffs**                | * |                          |
| **v.**                        | * | CIVIL NO.  JKB-13-3233   |
| LINDA H. LAMONE *et al..*,     | * |                          |
| **Defendants**                | * |                          |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM  AND  ORDER

Continuing with its recent discovery rulings, the Court now addresses Plaintiffs' Motion to Compel Defendants' Production of Documents Responsive to Plaintiffs' First Set of Requests for Production, Defendants' Responses to Plaintiffs' First Set of Interrogatories, and Defendants' Answers to Plaintiffs' First Set of Requests for Admissions.  (ECF No. 125-1.)  The Court has considered Defendants' opposition (ECF No. 125-2) and Plaintiffs' reply (ECF No. 125-3).[1]  No hearing is required.  Local Rule 105.6 (D. Md. 2016).  The motion will be granted.

Two preliminary matters are noted.  First, the Court has previously ruled that legislative privilege does not apply as to evidence indicative of the intent of those drawing and those ratifying the 2011 congressional redistricting map at issue in this case.  (Mem. & Order, Jan. 31, 2017, ECF No. 132.)  Thus, to the extent that Defendants' opposition to the instant motion is premised upon the invocation of legislative privilege, that argument is without merit. Nevertheless, as of this writing, the Court's earlier order is under review by the three-judge Court.  Any decision made by the full Court as to legislative privilege will apply as well to the

---

[1]  Both parties filed additional papers after briefing on the motion was closed, and neither party sought leave of Court.  The late submissions are regarded as surreplies for which prior authorization was not sought, Local Rule 105.2(a), and, accordingly, they have not been considered by the Court in its ruling.

discovery matters at issue in the instant motion.   Consequently, the Court's ruling herein is conditioned upon the full Court's affirmance of the January 31, 2017, order and upon any modification by the full Court to the January 31, 2017, order.   Second, the Court notes Defendants' opposition addresses the production of information and documents generally; it does not offer separate argument on any one of the three discovery requests—production of documents, interrogatories, and requests for admission; instead, it focuses primarily on production of documents.   The opposition does not specifically address interrogatories or requests for admissions except to reiterate the assertion of legislative privilege.   (Defs.' Opp'n 3.)   Consequently, the Court's analysis also focuses primarily on the production of documents requested by Plaintiffs, but the conclusions reached apply equally to the contested interrogatories and requests for admission.

Plaintiffs summarize their document requests thusly:

- "All Documents reviewed or relied on" by the GRAC,[2] governor's office, or General Assembly "during the planning, development, negotiation, drawing, revision, or re-drawing of the Proposed Congressional Plan or any alternative redistricting plan not adopted." [Req. 3-5.]

- "All Documents used to plan or draw the Proposed Congressional Plan, or any alternative redistrict plan not adopted, including without limitation all data files related to election or voter data; election redistricting software . . . ; and all 2010 United States Census data, whether adjusted or unadjusted." [Req. 7.]

- "All draft drawings of any congressional districts of the Proposed Congressional Plan or any alternative plan not adopted, whether created by the GRAC or any other Person." [Req. 8.)

(Mot. 5.)

Besides objecting to these requests on the ground of legislative privilege, Defendants also responded to the requests by stating they had withheld no documents because Defendants were "not in possession, custody or control of documents known to the Defendants" to have been

---

[2]  Governor's Redistricting Advisory Committee.

utilized in creating or enacting the redistricting map. (Defs.' Responses to Pls.' 1st Set Reqs. for Prod., ECF No. 125-1, Ex. B.) Defendants also stated they had made "reasonable inquiry of other state agencies and officials and that the documents known by Defendants to have been provided by the [various entities] to [other entities] have been previously provided to plaintiffs or are included with this response." (*Id.* at pp. 6-7.) The Defendants do not say that any such documents, other than those previously produced, do not actually exist. They only say they are not in possession, custody, or control of any documents so described.

Whether Defendants may be considered as being in possession, custody, or control—as required by Federal Rule of Civil Procedure 34(a)(1) for documents to be subject to production—is the issue to be decided. That key phrase of Rule 34 is broadly construed. *Steele Software Sys. v. Dataquick Info. Sys.*, 237 F.R.D. 561, 564 (D. Md. 2006). It is also stated disjunctively so that "only one of the enumerated requirements need be met." *Soto v. City of Concord*, 162 F.R.D. 603, 619 (N.D. Cal. 1995) (internal quotation marks omitted). In this case, Plaintiffs do not assert Defendants have either possession or custody of the requested documents; they only assert Defendants have control of the documents.

Although "control" has been customarily interpreted as requiring the party to have "the legal right to obtain the documents requested on demand, . . . in practice[,] the courts have sometimes interpreted Rule 34 to require production if the party has the practical ability to obtain the documents from another, irrespective of his legal entitlement to the documents." *Golden Trade, S.r.L. v. Lee Apparel Co.*, 143 F.R.D. 514, 525 (S.D.N.Y. 1992). *See also Goodman v. Praxair Servs., Inc.*, 632 F. Supp. 2d 494, 515 (D. Md. 2009) ("documents are considered to be under a party's control when that party has the right, authority, or practical ability to obtain the documents from a non-party to the action"). "Whether a party has a sufficient degree of control

over requested documents to constitute a practical ability to obtain the documents is a question of fact as to which the requesting party has the burden." *Gross v. Lunduski*, 304 F.R.D. 136, 142 (W.D.N.Y. 2014) (citations omitted).   Factors to be considered on the question of practical ability to obtain documents from a nonparty include "the existence of cooperative agreements . . . between the responding party and the non-party, the extent to which the non-party has [a] stake in the outcome of the litigation, and the non-party's history of cooperating with document requests." *Id.* (internal quotation marks omitted).

In support of their motion, Plaintiffs argue that multiple state agencies, including Defendants, GRAC, the governor's office, the Department of Legislative Services ("DLS"), the Department of Planning ("DOP"), and the General Assembly, both members and staff, worked together to produce the redistricting map that Plaintiffs seek to enjoin the Defendants from enforcing.  (Mot. 6-7.)  During this litigation, Defendants acknowledge that they, through their assigned counsel from the Office of the Attorney General ("OAG"), have produced nearly 3,000 pages of documents that counsel has collected from a number of nonparties by working with the nonparties' assigned counsel within OAG.  (Defs.' Opp'n 4-5.)  These nonparties include the entities mentioned in Plaintiffs' requests for production.

This demonstrated history of voluntary cooperation by nonparties with Defendants' requests for documents validates Plaintiffs' argument that Defendants have the practical ability to obtain documents from the nonparties, irrespective of whether Defendants also have the legal right to obtain documents from them.  *See, e.g.*, *Gross*, 304 F.R.D. at 143 (history of cooperation demonstrated nonparty state correctional agency's willingness to produce documents required for correctional officer's defense); *Gordon Partners v. Blumenthal (In re NTL, Inc. Sec. Litig.)*, 244 F.R.D. 179, 184 (S.D.N.Y. 2007) (defendant had both legal right and practical ability to obtain

relevant documents from nonparty; defendant's chief executive officer testified, "Whenever there was a document that we needed [from New NTL] . . ., we would call [New NTL] and ask if they had it, and if they had it, they'd send it." (alterations in original)); *Bank of New York v. Meridien Biao Bank Tanz.*, 171 F.R.D. 135, 149 (S.D.N.Y. 1997) (despite absence of legal right to obtain documents, defendant had been able to obtain documents from nonparty when it requested them). Two cases cited by Defendants as being supportive of their position as to lack of control are *New York v. AMTRAK*, 233 F.R.D. 259 (N.D.N.Y. 2006), and *Klesch & Co. v. Liberty Media Corp.*, 217 F.R.D. 517 (D. Colo. 2003). Those cases are easily distinguishable, however, from the present case because in neither of those cases was there indicated a history of cooperation by nonparties with a party on production of documents.

Plaintiffs have further noted the earlier redistricting case of *Fletcher v. Lamone*, Civ. No. RWT-11-3220 (D. Md.), as evidence of Defendants' practical ability to obtain documents and information from the nonparties involved in the redistricting efforts. In particular, Plaintiffs quote the following from Defendants' supporting memorandum on their motion for summary judgment in *Fletcher*:

> The [Congressional] Plan is the product of the careful consideration of a variety of . . . districting principles, including ensuring equality of population, maintaining the core of existing districts, protecting communities of interest, respecting existing representational relationships, recognizing growth patterns, and, as plaintiffs claim, partisan considerations. . . . Consideration of each of these factors played a role in the configuration of the districts in the [Congressional] Plan.

(Pls.' Reply 3 (citing Defs.' Mot. Summ. J. Supp. Mem. 41, ECF No. 33-1, Civ. No. RWT-11-3220 (D. Md.)).) Defendants' ability to draw on the nonparties' information underlying that statement to support their defense of the 2011 redistricting plan seems likely. This undercuts their contention that such information is not within their control.

 Besides the nonparties' willing compliance with earlier requests by Defendants for the sharing of documents as a factor in assessing Defendants' practical ability to obtain documents from them, it is reasonable to infer that those individuals and entities also have a stake in the outcome of this litigation, which seeks to dismantle the work they did to create and enact the 2011 redistricting map.  Both nonparties and Defendants appear to be cooperating harmoniously with one another toward the goal of success by Defendants in this case.  This also favors finding control by Defendants.

 Defendants have made an argument with respect to one category of documents that bears mentioning.  They contend that documents from former Governor O'Malley's office were "gifted" by him to the Maryland State Archives and that Defendants "have no practical ability to obtain those documents at any lesser cost than would the Plaintiffs."  (Defs.' Opp'n 24.) Defendants cite the case of *Fisher v. Fisher*, Civ. No. WDQ-11-1038, 2012 WL 2050785, at *7 (D. Md. June 5, 2012), to support Defendants' proposition that "[a]ny responsive documents within the custody and control of the State Archives 'may be obtained at no greater cost by either Plaintiff or Defendant,' and, thus, the Defendants should 'not be compelled to produce them.'" (Defs.' Opp'n 24-25.)  Rule 26(b)(2)(C)(i), which was the basis for Magistrate Judge Grimm's ruling in *Fisher*, states:

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive.

 The *Fisher* ruling seems to rest on the assumption that the documents at issue were equally available to both parties, which is not a foregone conclusion in this case.  *See Ruffin v. Winnebago Cty. Jail*, Civ. No. DRH-03-210, 2008 U.S. Dist. LEXIS 3700, at *3 (S.D. Ill. 2008)

(permissible for defendants to direct plaintiff to review documentation either within his possession or equally available to him). *But see St. Paul Reinsurance Co. v. Commercial Fin. Corp.*, 198 F.R.D. 508, 513 (N.D. Iowa 2000) ("It is not usually a ground for objection that the information is equally available to the interrogator or is a matter of public record."); *City Consumer Services, Inc. v. Horne*, 100 F.R.D. 740, 747 (D. Utah 1983) (same). Although the cost of copies of the documents may be the same to both Plaintiffs and Defendants, correspondence from Defendants' counsel at the OAG to Plaintiffs' counsel made clear that the documents at the archives would have to be reviewed by other assistant attorneys general at the OAG before they would be available for inspection, and the expectation is that some documents would be classified as exempt from availability to the public. (Pls.' Mot. Ex. I, Letter, Dec. 22, 2016.) Given that limitation on Plaintiffs' access to the archived documents, it cannot be concluded that the documents can be obtained by Plaintiffs "from some other source that is more convenient, less burdensome, or less expensive." Defendants' objection to production of documents on that basis is unmeritorious.

The Court concludes, then, that Defendants have the practical ability to obtain documents and other information from the various state agencies and actors included in Plaintiffs' discovery requests. They are, therefore, required to produce all such documents, with the exception of any documents duplicative of those produced by nonparties pursuant to any Rule 45 subpoenas served by Plaintiffs, and they are further required to provide responses to the objected-to interrogatories and requests for admission consistent with Defendants' access to the nonparties' documents and information. Plaintiffs' motion to compel (ECF No. 125-1) IS GRANTED. This ruling IS STAYED pending the full Court's review of the order entered January 31, 2017, and is

subject to reconsideration on motion of the Defendants upon entry of an order by the full Court reversing or modifying the order of January 31, 2017.

DATED this 13th day of February, 2017.

BY THE COURT:

_____/s/_____

James K. Bredar
United States District Judge