**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| | * | |
| O. JOHN BENISEK *et al..*, | * | |
| **Plaintiffs** | * | |
| **v.** | * | CIVIL NO.  JKB-13-3233 |
| LINDA H. LAMONE *et al..*, | * | |
| **Defendants** | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM  AND  ORDER

Pending before the Court is the motion by Defendants Linda H. Lamone and David J. McManus, Jr., for a protective order from depositions noticed under Federal Rule of Civil Procedure 30(b)(6).  (ECF No. 118.)  Plaintiffs' opposition (ECF No. 131) and Defendants' reply (ECF No. 134) have been considered, and no hearing is necessary, Local Rule 105.6 (D. Md. 2016).  The motion will be granted.

Rule 30(b)(6) states in regard to a notice or subpoena for a deposition, that the issuing party

> may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination.  The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify.  A subpoena must advise a nonparty organization of its duty to make this designation.  The persons designated must testify about information known or reasonably available to the organization.

The "Notice of Deposition Pursuant to Fed. R. Civ. P. 30(b)(6)" at issue states in pertinent part, "Plaintiffs shall take the deposition by oral examination of Defendants by one or

more officers, directors, managing agents, or other persons who are designated to testify on

Defendants' behalf with respect to the categories listed in Schedule A." (Defs.' Mot. Ex. 3, ECF

No. 118-3.)   The only two defendants in the case are David J. McManus, Jr., and Linda H.

Lamone, who are sued in their official capacities as Chairman of the Maryland State Board of

Elections and State Administrator of Elections, respectively.   Neither McManus nor Lamone is

"a public or private corporation, a partnership, an association, a governmental agency, or other

entity" within the context of Rule 30(b)(6).   It is anomalous to notice a deposition of an

individual defendant "by one or more officers, directors, managing agents, or other persons who

are designated to testify" on behalf of the individual defendant.   An individual defendant,

whether or not sued in official capacity, testifies on his or her own behalf, unless testifying as a

Rule 30(b)(6) designee for an *entity* deponent.   It is inappropriate for Plaintiffs to rely upon the

mechanism of Rule 30(b)(6) to notice the depositions of McManus and Lamone.

Besides that obvious infirmity, and even if one construes the notice as one to the State

Board of Elections, Plaintiffs have significantly overreached by indicating that the designee is

expected to testify as to the knowledge possessed by the "Relevant Individuals," who are listed

in the notice as

> You, members of the GRAC,[1] members of the General Assembly, the
> Department of Legislative Services, the Department of Planning, former
> Governor Martin O'Malley, the Maryland Democratic Party, Patrick Murray,
> Yaakov Weissman, Jeremy Baker, Joseph Bryce, John McDonough, Karl Arro,
> Michele Davis, Richard Hall, John Favazza, Kristin Jones, Victoria L. Gruber,
> Alexandra Hughes, Nancy Earnest, Joy Walker, Raquel Guillroy, Matt Gallagher,
> Robert Garagiola, and Rick Abbruzzese.

(*Id.* ¶ 7.)

Plaintiffs cite no authority that permits one person to testify under Rule 30(b)(6) on

behalf of another *person*, they have cited no authority for the notion that a designee for one

---

[1] Governor's Redistricting Advisory Committee.

governmental agency can testify as to the knowledge of another governmental agency, *see Covington v. Semones*, Civ. No. 06-614, 2007 WL 1052460, at *1-2 (W.D. Va. Apr. 5, 2007) (quashing Rule 30(b)(6) notice insofar as it sought to have defendant Town of Christiansburg testify as to knowledge of Montgomery County Commonwealth's Attorney's Office), and they certainly have cited no authority for an agency designee to testify on behalf of the Maryland Democratic Party. Plaintiffs rely upon cases pertaining to affiliated corporations and the concept of "control" under Rule 34(a)(1). The Court acknowledges that, in a proper case, Rule 34(a)(1) control may be relevant to the Rule 30(b)(6) inquiry, but this is not that case. It is one thing to find Defendants have the practical ability to obtain documents and basic information from nonparties, as the Court did in its Memorandum and Order of February 13, 2017 (ECF No. 143); it is quite another to expect that they should immerse themselves into another state agency's records and be able to testify as to that other agency's knowledge. Moreover, it is wholly improper to expect Defendants to learn what other individuals know and require Defendants to testify on their behalf.

Plaintiffs are free to use notices and subpoenas for Rule 30(b)(6) depositions of *entities*. If they wish to learn the knowledge of specific individuals, then they may do so via ordinary deposition methods of those individuals, but not pursuant to Rule 30(b)(6). And Plaintiffs may not require one entity deponent to testify as to the knowledge of another entity deponent under the circumstances of this case.

Accordingly, it is hereby ORDERED that Defendants' motion for a protective order is GRANTED and that the notice issued by Plaintiffs under Rule 30(b)(6) is QUASHED.

DATED this 14th day of February, 2017.

BY THE COURT:

_____/s/_____
James K. Bredar
United States District Judge