IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|   |   |   |
|---|---|---|
| O. JOHN BENISEK *et al..*, | * | |
| Plaintiffs | * | |
| v. | * | CIVIL NO. JKB-13-3233 |
| LINDA H. LAMONE *et al..*, | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM AND ORDER

Now pending before the Court is the Motion for Protective Order and to Quash Non-Party Deposition Subpoena Served on Former Governor Martin O'Malley and for Stay. (ECF No. 146.) It has been briefed (ECF Nos. 158 and 167) and is ripe for decision, Local Rule 105.6 (D. Md. 2016). It will be denied.

Movant relies heavily on the arguments advanced earlier by other nonparties as to the assertion of state legislative privilege in relation to other subpoenas. (Mot. 2.) The undersigned previously ruled, and the three-judge Court has now affirmed, that state legislative privilege must yield to Plaintiffs' requests aimed at discovering the intent of those who participated in the formulation of the 2011 congressional redistricting map and those who ratified it. (Mem. & Order, Jan. 31, 2017, ECF No. 132; Mem. & Order, Mar. 13, 2017, ECF No. 166.) Thus, that ground for resisting Plaintiffs' deposition subpoena has no merit.

Movant also makes a one-sentence argument for his assertion of executive privilege:

> To the extent the three-judge Court determines that the legislative privilege against compelled testimony yields in this case, Governor O'Malley moves, in the alternative, for a protective order on executive privilege grounds, to protect

>Governor O'Malley from being compelled to testify about any predecisional deliberations on policy matters ancillary to the legislative activity of preparing or proposing congressional redistricting legislation.

(Mot. 2.) This bare assertion is insufficient to inform the Court of the basis for Movant's invocation of executive privilege. "[A]ny predecisional deliberations on policy matters ancillary to the legislative activity of preparing or proposing congressional redistricting legislation" seem to fall within the legislative sphere. If those unspecified deliberations bore upon legislative intent in formulating and enacting the 2011 redistricting map, then they are appropriate areas of inquiry by Plaintiffs. *See Marylanders for Fair Representation, Inc. v. Schaefer*, 144 F.R.D. 292, 300-01 (D. Md. 1992) (finding governor's actions in preparation and submission of redistricting legislation to the legislature to fall within purview of "legitimate legislative activity"; distinguishing between executive's role as executive and executive's role in legislative activities). If such "predecisional deliberations" had no bearing upon the question of legislative intent, then they may be subject to a relevance objection, although that is not a basis for declining to answer a deposition question. The Court accepts the existence of executive privilege, but Movant has failed to carry his burden to explain how that privilege applies in the facts and circumstances of the present case. *See United States v. Bolander*, 722 F.3d 199, 222 (4th Cir. 2013) ("The burden rests on the person invoking [a] privilege to demonstrate its applicability, including the absence of any waiver of it."). Accordingly, Movant has supplied the Court with no basis for protecting him from the Plaintiffs' deposition questions on this theory.

For the foregoing reasons, Movant's request for a protective order and to quash the deposition subpoena served upon him is DENIED. The request for a stay is MOOT. The parties are directed to cooperate in establishing a new date for Movant's deposition.

DATED this 16th day of March, 2017.

                                          BY THE COURT:

                                          _____/s/_____
                                          James K. Bredar
                                          United States District Judge