IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| O. John Benisek, et al. <br>     *Plaintiffs*, <br><br> vs. <br><br> Linda H. Lamone, et al., <br>     *Defendants*. | Case No. 13-cv-3233 <br><br> Three-Judge Court |

**PLAINTIFFS' STATEMENT OF CONDITIONAL CONSENT
TO A DISCRETIONARY STAY PENDING APPEAL**

Plaintiffs respectfully submit this statement to express and explain their conditional consent to the State's motion for a stay pending appeal.

As we have stressed repeatedly throughout our briefs, and as the Court stated in its final judgment, time is of the essence in this case. Plaintiffs agree as a general matter that, if the State appeals, the Supreme Court must be allowed to rule promptly. Yet ensuring a decision during the Supreme Court's current term will require expedited jurisdictional briefing. Failure to brief the appeal in time for resolution during the current term would risk disrupting this Court's established procedure for the adoption of a new map.

The State now moves for a stay of the Court's final judgment pending resolution of its appeal to the Supreme Court. Although plaintiffs do not believe that the State is entitled to a stay as of right under the framework established in *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987), they conditionally consent to a discretionary stay in reliance on the representations and commitments described below.

First, the State has represented that if a new map is approved by the Court on or around October 18, 2019, there will be sufficient time for that map to be used in the 2020 congressional elections. Second, the State has represented that if the Supreme Court

1

affirms this Court's final judgment on or before June 24, 2019, there will be adequate time to draft and obtain this Court's approval of a new map by the October 18, 2019 deadline. The State has also committed to working in good faith to reach a mutually agreeable modified schedule—and one that is acceptable to the Court—to achieve that goal.

To ensure that the Supreme Court has adequate time to hear the appeal during the October 2018 Term, the State has agreed to an expedited schedule for initial jurisdictional briefing. The expedited briefing schedule, which was negotiated and mutual agreed to by the parties, is set out in the State's motion. Abiding by the agreed schedule will ensure that there is adequate time for the Supreme Court either to summarily affirm or to note probable jurisdiction and rule on the merits of the State's appeal this term, sufficiently in advance of the 2020 election cycle.

The Court has authority to condition a discretionary stay of its final judgment on the State's pursuit of an expedited appeal. *See, e.g.*, Order 2, *Common Cause v. Rucho*, No. 1:16-cv-1026 (M.D.N.C. Sept. 12, 2018) (Dkt. 155) (granting a discretionary stay of the final judgment pending appeal "subject to certain conditions," including an expedited briefing schedule before the Supreme Court); *United States v. Westchester Cty., New York*, 2016 WL 3566236, at *11 (S.D.N.Y. 2016) ("The County's application for a stay of this Order pending appeal is granted on the condition that it file its appeal promptly and seek expedited review."); *Florida v. United States HHS*, 780 F. Supp. 2d 1307, 1319 (N.D. Fla. 2011) (similar); *People for the Am. Way Found. v. United States Dep't of Educ.*, 518 F. Supp. 2d 174, 178-79 (D.D.C. 2007) (similar); *Ctr. For Int'l Evt'l Law v. Office of the U.S. Trade Rep.*, 240 F. Supp. 2d 21, 23-24 (D.D.C. 2003) (similar).

November 15, 2018                    Respectfully submitted.

<u>/s/ *Michael B. Kimberly*</u>

Michael B. Kimberly, Bar No. 19086
   mkimberly@mayerbrown.com
Paul W. Hughes, Bar No. 28967
   phughes@mayerbrown.com
Stephen M. Medlock, *pro hac vice*
   smedlock@mayerbrown.com
E. Brantley Webb, *pro hac vice*
   bwebb@mayerbrown.com
Micah D. Stein, *pro hac vice*
   mstein@mayerbrown.com
Mayer Brown LLP
1999 K Street NW
Washington, D.C. 20006
(202) 263-3000 (office)
(202) 263-3300 (facsimile)
